

Joseph L. Francoeur
212.915.5638 (direct)
Joseph.Francoeur@wilsonelser.com

June 26, 2014

Judge Joseph F. Bianco
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York

Re:   Elizabeth Atwood v. Cohen & Slamowitz, et al.
      Case No.: 2:14-cv-02973-JFB-AKT
      Our File No.: 11471.00007

Dear Judge Bianco:

We represent defendants Cohen & Slamowitz, LLP, Mitchell Selip, Mitchell G. Slamowitz and David A. Cohen ("Defendants"). Pursuant to your individual motion practice and rules section III. A, Defendants respectfully request a pre-motion conference which is required prior to making a motion to dismiss pursuant to FRCP Rule 12.

Set forth below is the basis for the anticipated motion. The complaint asserts claims for violation of the Fair Debt Collection Practices Act, 15 USC 1692 ("FDCPA") against the Defendants for actions that they did not take. The complaint readily admits that the defendants were replaced as counsel by the Forster and Garbus firm ("F&G") (Compl. ¶33) and that F&G took the actions in question. Regarding any collection actions by the Defendants, no actions were taken since 2006. As such, any claims against the Defendants are time-barred as they exceed the one- year statute of limitations for FDCPA claims. As this Court recently recognized in *Lautman v. 2800 Coyle St. Owners Corp.*, 2014 U.S. Dist. LEXIS 72703 (E.D.N.Y. May 23, 2014) "FDCPA claims must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d).

The first and seventh causes of action make certain vague omission claims in that the Defendants "allowed" the original creditor (Portfolio Recovery) to continue to collect the debt through other counsel (¶48) and / or failing to communicate to Portfolio (¶80). For example, the first cause of action at paragraph 48 asserts:

> Upon information and belief, Defendants never notified Portfolio Recovery Associates, LLC that the statute of limitation of legal action to

150 East 42nd Street • New York, NY 10017 • p 212.490.3000 • f 212.490.3038

Albany • Baltimore • Boston • Chicago • Connecticut • Dallas • Denver • Garden City • Houston • Las Vegas • London • Los Angeles • Louisville • McLean
Miami • Milwaukee • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Washington, DC • West Palm Beach • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris
wilsonelser.com

6200190v.1

> collect the debt had expired or took steps to ensure that the court dismissed the action and/or closed its file in order to prevent Portfolio Recovery Associates, LLC from recalling the file from it and *to allow it to continue to attempt to collect the debt either through active means or Atwood contacting them as a result of her need to resolve the debt.*

If there was such an omission, this is not an FDCPA violation which regulates activity, not omission. Further, if there is a complaint to be made for this "omission" it would belong to the client of the attorney, Portfolio Recovery, not the plaintiff who has no standing to bring such a claim, if such a claim even exists, which we believe it does not.

The second cause of action makes a conclusory claim that the Defendants took steps to collect the debt since 2011, but fails to plead facts in support. This is not enough to meet the pleading standard and cannot survive a motion to dismiss. In that plaintiff's own complaint admits another law firm took over the matter, these conclusory claims are refuted by plaintiff's complaint.

The third, fourth and fifth causes of action claim that in responding to an Order to Show Cause in 2014 filed by plaintiff, the Defendants inappropriately attached a letter that disclosed her social security number. However, the letter did cross off the social security number but for the last 4 numbers, which is standard, and which procedure was created and implemented by plaintiff's attorney when he was employed by defendant Cohen & Slamowitz as its managing attorney. Thus, there is no negligence or violation of any kind. Furthermore, it is important to point out that the order to show cause asked for certain accounts that were purportedly restrained to be released. The letter attached by the Defendants is a November 13, 2006 letter from Cohen & Slamowitz to Doral Bank instructing them to release all bank accounts of the plaintiff, evidencing the conclusion of collection activity in 2006. Once again, activity well outside the statute of limitations.

The sixth cause of action makes the unsubstantiated claim that "sometime after the end of 2011" Defendants "certified to a consumer reporting agency that they had the legal right to obtain a copy of Atwood's consumer report and did obtain a copy or obtained other information regarding Atwood's financial transactions." This is not sufficiently pled, and if this action occurred, plaintiff's counsel would have a record from the credit reporting agency that specified the date of the inquiry or request. The failure to identify the date exposes the claim as mere speculation. Additionally, assuming any alleged inquiry took place while the Defendants were retained by Portfolio Recovery Associates they would have been duly authorized by law to request a report, and thus no violation is either identified or properly pled.

The eighth cause of action is incomprehensible as pled, stating that "as a result of their above actions and / or inactions, Defendants continued to or assisted in the continued attempt to collect a debt." (¶82). This reference to earlier causes of action have been addressed above, but this point articulates no viable cause of action.

Finally, despite the obvious set of facts unique to plaintiff, plaintiff asserts wildly-broad class allegations that the class should include all persons whom the Defendants: i) tried to collect

from when the claims were time barred, ii) obtained a credit report, or iii) failed to advise the creditor that the right to sue had expired. First, there is no commonality whatsoever to these claims. Second, plaintiff's claims would not be typical of the class. Third, there is no standing to assert a claim of a failure by a law firm to advise its client, when the plaintiff is not the client. The class allegations are wholly insufficient, and it is obvious from the pleading that this is nothing more than an attempt to buttress an individual claim.

When the allegations in the complaint, however true, could not raise a claim of entitlement of relief, the complaint should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007). In this case, the Defendants last took any activity on this case in 2006, and thus the claims are wholly time-barred. The other claims are without merit as discussed, and thus the Defendants respectfully request permission to file a motion to dismiss as outlined above.

If the Court needs any additional information, please do not hesitate to ask.

Very truly yours,

Wilson Elser Moskowtiz Edelman & Dicker

Joseph L. Francoeur

cc.:

**VIA ECF**

Mitchell L. Pashkin, Esq.
Attorney for Plaintiff
775 Park Avenue
New York, New York 11743
T. 631.692.7708
F. 631.824.9328

6200190v.1