UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
ELIZABETH K. ATWOOD a/k/a ELIZABETH KING,

                              Plaintiff,         Case No. 2:14-cv-02973-JFB-AKT

      -against-

COHEN & SLAMOWITZ, LLP, MITCHELL SELIP,
MITCHELL G. SLAMOWITZ, and DAVID A.
COHEN,

                              Defendants.
-------------------------------------------------------------------- X

# REPLY MEMORANDUM OF LAW IN SUPPORT
# OF COHEN & SLAMOWITZ, LLP; MITCHELL SELIP,
# MITCHELL G. SLAMOWITZ, and DAVID A. COHEN'S
# MOTION TO DISMISS

Joseph L. Francoeur
Thomas A. Leghorn
Wilson Elser Moskowitz Edelman & Dicker LLP
*Attorneys for Defendants COHEN & SLAMOWITZ, LLP*
*MITCHELL SELIP, MITCHELL G. SLAMOWITZ, and DAVID A. COHEN*
150 East 42nd Street
New York, New York 10017-5639
Thomas.leghorn@wilsonelser.com
Joseph.francoeur@wilsonelser.com

6334798v.1

**TABLE OF CONTENTS**

Preliminary Statement ................................................................................................................... 1

Argument ....................................................................................................................................... 2

    Point I.    Failure to redact social security number ................................................................... 2

    Point II.    April 2013 Phone Call ............................................................................................. 3

    Point III.    2014 Response to Order to Show Cause ............................................................... 5

Conclusion .................................................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**

*Bailey v. Glover*, 88 U.S. 342, 349-50 (1874) ............................................................................... 5

*Boyd v. J.E. Robert C*o., 2012 U.S. Dist. LEXIS 142688, *66-67 (E.D.N.Y. Oct. 2, 2012).......... 8

*Coble v. Cohen & Slamowitz,* 824 F.Supp. 2d 568 (S.D.N.Y. 2011).......................................... 10

*Currier v. First Resolution Inv. Corp.*, 2014 U.S. App. LEXIS 15277 (6th Cir. 2014)................. 8

*Fritz v. Resurgent Capital Servs., LP*, 955 F. Supp. 2d 163 (E.D.N.Y. 2013)............................... 4

*Guilbert v. Gardner*, 480 F.3d 140 (2d Cir. N.Y. 2007)................................................................ 4

*Kearny v. Cavalry*, 12-cv-860, 2014 U.S. Dist. LEXIS 105577 (E.D.N.Y. July 31, 2014)....... 4, 5

*Lautman v. 2800 Coyle St. Owners Corp.*, 2014 U.S. Dist. LEXIS 72703 (E.D.N.Y. May 23, 2014).................................................................................................................................... 3

*Magrin v. Unifund*, 2002 WL 31804268 (9th Cir. 2002)............................................................... 9

*New York v. Hendrickson Bros, Inc.*, 840 F.2d 1065, 1083 (2d Cir. 1988) .................................. 5

*Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008)....................................................... 7

*Ruth v. Triumph P'ships,* 577 F.3d 790 (7th Cir. 2009) ................................................................ 9

*Strouse v. Enhanced Recovery Co., LLC*, 956 F. Supp. 2d 627, 630-31 (E.D. Pa. 2013).............. 7

*Tocco v. Real Time Resolutions, Inc.*, 14-cv-810, 2014 U.S. Dist. LEXIS 112492 (S.D.N.Y. Aug. 13, 2014)............................................................................................................................... 8

**Statutes**

15 U.S.C. § 1692k(d)..................................................................................................................... 3

Federal Debt Collection Practices Act................................................................................... 1, 2, 3

Gramm-Leach-Bliley Act of 1999................................................................................................. 2

**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................................................................. 2

Federal Rule of Civil Procedure Rule 5.2..................................................................................... 2

**PRELIMINARY STATEMENT**

Plaintiff's opposition initially avoids the primary issue in this case – whether the response to the order to show cause (the "OSC Response") – was collection activity and therefore subject to the FDCPA. Instead, it begins with red herring issues that are irrelevant to the determination of this motion, such as the redacting the social security number and arguments to avoid the statute of limitations for the April 2013 phone call. Plaintiff concedes that defendants met the requirements for redacting a social security number as they crossed out the first five numbers, leaving only the last four. In order to create an issue where there is none, plaintiff claims that the redaction was not dark enough. Even if this statement were true, it is not an FDCPA violation, or a violation of any other law. Furthermore, Plaintiff fails to plead any proximately-caused damages, causing the claim to fail for this reason as well.

The phone call in April of 2013 was more than a year prior to the filing of this action, and it is black-letter law that the FDCPA violation must occur within one year. Plaintiff makes faint reference to two cases to convince this court to adopt a standard with which no other court in this district has adopted, claiming that FDCPA claims should be tolled until they are discovered. This position is simply not supported by the law. Alternatively, plaintiff argues that equitable tolling should toll the claim, but tolling only applies to a "fraud that is self-concealing," which is neither applicable nor pled here. A missed call with no message left cannot be considered a fraud.

Finally, Plaintiff claims that the "OSC Response" was collection activity in that it opposed plaintiff's motion and forced her to come to court. This claim is undermined by the clear language of the OSC Response itself. The order to show cause sought to lift any restraint on Plaintiff's bank account allegedly placed on the account by the defendants' former client's successor counsel. The OSC Response was wholly devoid of any language that could possibly be interpreted as collection activity, nor did it contain any arguments for why a restraint (if there

were any) should remain on the bank account. Instead, it merely advised that all restraints placed by the defendants eight (8) years ago had been lifted eight years ago, and it provided a courtesy copy of the defendants' 2006 letter to plaintiff's bank (Doral Bank) providing "authorization to release any and all bank accounts, safety deposit boxes, and other assets restrained pursuant to the restraining notice served on you in connection with the above referenced matter." (Francoeur Aff. Ex. B.). There is no articulated basis in the pleading that establishes that this response could possibly be an FDCPA violation.

As the amended complaint does not present any viable claims, and action must be dismissed pursuant Fed. R. Civ. P. 12(b)(6).

**ARGUMENT**

**Point I.        Failure to redact social security number**

Plaintiff concedes that the redacting of the social security number is in compliance when, according to Federal Rule of Civil Procedure Rule 5.2 and consistent with the defendants' procedures,[1] only the last four numbers of the social security number remain. The social security number was crossed out, leaving only the last four numbers, and thus there was compliance with federal law. (Francoeur Aff. Ex. B). There is nothing further to discuss with regard to this issue, as the document containing the redaction speaks for itself.

Plaintiff's opposition argues that the crossing out could have been darker. Even if that were so, this argument would not amount to a violation of either the FDCPA or of the Gramm-Leach-Bliley Act of 1999. Plaintiff fails to cite to any decision in support of this "throw-in" claim, and this new angle to the claim is not pled in the amended complaint. Further, plaintiff has not pled any facts supporting a claim that damages were proximately caused by the filing of

---

[1] Plaintiff's counsel is well aware of the defendants' written procedure, as he was responsible for implementing and ensuring its compliance when he was the defendant Cohen & Slamowitz's managing attorney.

the document, nor has he set forth any allegation of willfulness or intentional conduct, which is required to support a claim for punitive damages. Consequently, this claim should be dismissed.

**Point II.        April 2013 Phone Call**

The second red herring claim relates to a phone call made in April 2013 to a telephone number that did not belong to the Plaintiff, even though no message was left on a machine or with a third party. Am. Compl. ¶29. On its face, merely dialing a phone number without more does not set forth an FDCPA violation, and plaintiff fails to cite any cases to the contrary. Even if the call were answered, it would not have been by Plaintiff or her answering machine.

Furthermore, this claim is time-barred. The statute of limitations for filing an FDCPA action is one (1) year from the date on which the violation occurred. 15 U.S.C. § 1692k(d). The call was made on April 22, 2013, and this action was not filed until May 11, 2014, more than one year later. Thus, the claim is time barred. *Lautman v. 2800 Coyle St. Owners Corp.*, 2014 U.S. Dist. LEXIS 72703 (E.D.N.Y. May 23, 2014) (FDCPA claims must be brought "within one year from the date on which the violation occurs").

Plaintiff tries to avoid the clear bar to the claim by arguing for application of the "discovery rule," despite the fact that it has not been adopted by this District. Plaintiff also argues for "equitable estoppel" to toll the statute of limitations, despite the fact that it only applies to fraudulent conduct committed in contravention of the FDCPA. Neither of these doctrines has any application in the case at bar.

Regarding the discovery rule, Plaintiff admits that this rule is inapplicable in this District or Circuit. The opposition admits that "the undersigned are not aware of any case from the Second Circuit discussing the discovery rule in the context of an FDCPA case." *See* Plaintiff's Opposition to Motion to Dismiss Dated September 4, 2014 ("Pl. Opp.") p. 4. Nevertheless, Plaintiff claims that *this Court* in *Kearny v. Cavalry*, 12-cv-860, 2014 U.S. Dist. LEXIS 105577

3

(E.D.N.Y. July 31, 2014) "found the statute of limitations tolled by the discovery rule." Pl. Opp. p. 3. First, the Court in *Kearny* dealt solely with equitable estoppel, not the discovery doctrine. While it uses the language "[b]ased upon the dates that they first became aware of the underlying suits, Rodriguez and Goldstein's current FDCPA claims fall within the one-year window," there is no discussion whatsoever of the discovery rule having any application. *Kearny* 2014 U.S. Dist. LEXIS 105577 *17.

Rather, the *Kearny* case dealt with the wholly distinguishable situation of "sewer service, which refers to the intentional failure to provide service of a complaint on a party to a lawsuit, in order to prevent that party from having a fair opportunity to respond." *Kearny*, 2014 U.S. Dist. LEXIS 105577 *15; Pl. Opp. p. 9. The case at bar is not an issue of a "sewer service," and the claim is limited to a phone call with no message left, leaving *Kearny* inapplicable on the facts.

Plaintiff's only other authority for application of the discovery rule is *Fritz v. Resurgent Capital Servs., LP*, 955 F. Supp. 2d 163 (E.D.N.Y. 2013), which quotes a non-FDCPA case, *Guilbert v. Gardner*, 480 F.3d 140 (2d Cir. N.Y. 2007). *Fritz* does not stand for the proposition that the discovery rule applies in this District, rather it merely found that plaintiff could not meet the requirements. *Fritz,* 955 F. Supp. 2d at 172 ("The Court agrees with defendants that Fritz cannot demonstrate that she exercised due diligence in discovering the facts concerning her claim."). *Fritz* does not alter the analysis in the least. These authorities are not enough to overcome the legion of cases holding a violation of the FDCPA must be brought in one year, and thus plaintiff's request to make new law and invoke the discovery rule here should be rejected.

Plaintiff again cites to *Kearny* in connection with its claim that equitable estoppel applies. Pl. Opp. p. 8. Equitable estoppel requires "concealment," but there is no concealment pled in the amended complaint, nor did any concealment take place by the defendants. Plaintiff admits as

much, noting that plaintiff "is not alleging concealment by Defendants and '[t]he concealment element is met when plaintiffs show either that the affirmative acts of defendant prevented discovery of plaintiff's claim or that the wrong itself is self-concealing.'" Pl. Opp. p. 8 (citing *New York v. Hendrickson Bros, Inc.*, 840 F.2d 1065, 1083 (2d Cir. 1988)). Plaintiff argues that because the call did not result in a message (thus leaving no possibility for an FDCPA violation) "and was made by an auto-dialer system to a number possibly belonging Elizabeth Atwood's employer, this telephone call was self-concealing." Pl. Opp. p. 8-9.

However, this statement does not correctly set forth the standard of law. Plaintiff's own reference to the quote in the decision in *Kearny* undermines the argument. *See* Pl. Opp. p. 8. It requires not just any action – but a "fraud" that is self-concealing – "to hold that by concealing a fraud, or by committing a fraud in a manner that it concealed itself until such time as the party committing the fraud could plead the statute of limitations to protect it, is to make the law which was designed to prevent fraud the means by which it is made successful and secure." *Kearny*, 2014 U.S. Dist. LEXIS 105577 *16 (quoting *Bailey v. Glover*, 88 U.S. 342, 349-50 (1874)).

Because there is no fraud here, and because the only allegations set forth in the amended complaint are that defendants made a phone call without leaving a message, *Kearny's* equitable tolling remains inapplicable. The remaining out-of-circuit authorities are not binding and do not change the analysis, thus leaving no support whatsoever that either equitable estoppel or the discovery rule applies in this case. The FDCPA statute of limitations applicable to the call made on April 22, 2013, barred any FDCPA suits after April 22, 2014. Because this action was filed on May 11, 2014, more than one year after the call, any claimed violation is time-barred.

**Point III.     2014 Response to Order to Show Cause**

Plaintiff filed an order to show cause seeking to lift any restraint placed on her bank account by the defendants' former client's successor law firm. As noted above, the OSC

5

6334798v.1

Response did *not* object to the relief sought by the Plaintiff, nor did it argue that any restraint that may have been in existence at the time of the filing of the OSC should remain. It merely advised the court and the Plaintiff that all restraints placed by the defendants in or prior to 2006 were lifted years ago, and it provided a courtesy copy of the 2006 letter to plaintiff's bank (Doral Bank) providing the bank "authorization to release any and all bank accounts, safety deposit boxes, and other assets restrained pursuant to the restraining notice served on you in connection with the above referenced matter." (Francoeur Aff. Ex. B.).

This simple act of responding to the order to show cause with evidence that the relief plaintiff was seeking already occurred should have been welcome news to the plaintiff. Instead, plaintiff filed this action and has invented a series of false legal conclusions as to alleged federal law violations caused by the defendants' filing the OSC Response, all of which are undermined by the language of the OSC Response itself.

Plaintiff surmises that defendants undertook additional action as part of their submitting the OSC Response,[2] which allegedly caused violations to occur, including i) "the preparation of a summary of the permissible settlement parameters," ii) the appearance in court, iii) participation in a court conference, iv) continued opposition to order to show cause, and v) continued denial of the client's being responsible for the restraint on plaintiff's bank accounts. Pl. Opp. p. 9.

The OSC Response merely offered evidence that the restraint that the defendants thought was the subject of the OSC was lifted. There was no effort to collect on any debt, whether by "preparation of a summary" or "appearing in court," regardless of plaintiff's spin. The terms of the OSC Response speak for itself. It is also undisputed that the client had new counsel, Forster & Garbus, and thus defendants took no other action in regard to the account at issue, as it was no

---

[2] The Plaintiff's list of surmised actions taken by defendants is in no small way based on knowledge obtained by, and procedures created by, Plaintiff's counsel's employment at Cohen & Slamowitz.

longer representing the creditor. As the moving memorandum of law made clear, because there was no attempt to collect a debt by defendant, there is no possibility of an FDCPA violation.

Plaintiff also claims that the attachment to the OSC Response – namely the 2006 letter instructing Doral Bank to lift the restraint – actually caused "the continued restraint of Atwood's bank accounts," which is in fact the opposite of what it did. Pl. Opp. p. 10. We respectfully refer this Court to the language of the document, which clearly rebuffs this claim.

Plaintiff next claims that the OSC Response committed a large number of wrongs, including it conveyed authority, opposed relief, contained false information, failed to inform the court, caused plaintiff to go to court, caused plaintiff to retain counsel, and caused the restraint of the accounts. Pl. Am. Compl. ¶67. The Defendants were authorized to file the response, but this authorization is not a basis for any claim. There was no opposition to the relief sought; rather the OSC Response concurred with the relief sought. It did not contain false information or fail to inform the court of anything, nor did it cause the restraint of the accounts. Finally, the OSC was filed by plaintiff, and as such it is plaintiff's actions that caused her to go to court. Nor did the OSC Response cause the need to retain an attorney. These claims are devoid of merit.

Plaintiff next argues that the OSC Response was an attempt to collect a debt because it included an attachment – namely the 2006 letter to Doral Bank lifting the restraint – which read, at the bottom, "this is an attempt to collect a debt." Plaintiff cites to the Pennsylvania decision in *Strouse v. Enhanced Recovery Co., LLC*, 956 F. Supp. 2d 627, 630-31 (E.D. Pa. 2013); Pl. Opp. p. 12. The court cited to Third Circuit law finding that a least sophisticated consumer may consider this an attempt to collect a debt. *Strouse*, 956 F. Supp. 2d at 632 (citing *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008)). There is nothing in the OSC Response that remotely resembles the facts of *Strouse* and there was no statement anywhere in the OSC

7

Response that this was an attempt to collect a debt. The attachment was an exhibit which contained a 2006 date. It is unreasonable to conclude that the OSC Response, which provided proof that the bank accounts were no longer restrained, was seeking to collect a debt.

Plaintiff also cites to the distinguishable *Tocco* case, which found that a letter sent for informational purposes and which did not explicitly demand payment may still be considered a collection activity in connection with collection of a debt. *Tocco v. Real Time Resolutions, Inc.*, 14-cv-810, 2014 U.S. Dist. LEXIS 112492 (S.D.N.Y. Aug. 13, 2014). The *Tocco* court noted that there is no Second Circuit decision on point, and concluded that any analysis should focus on the phrase "in connection with [collecting a debt]." Simply put, *Tocco* changes nothing in the analysis. Any suggestion that the OSC Response was an attempt to collect a debt is absurd.

Plaintiff next claims that defendant's "omission" is actionable, in that the failure to release the lien is a violation under the Sixth Circuit decision in *Currier v. First Resolution Inv. Corp.*, 2014 U.S. App. LEXIS 15277 (6th Cir. 2014); Pl. Opp. p. 21. *Currier* discusses a lien that was wrongly placed and not removed. Here, defendant did not place any restraint, its client did, and any such continued restraint – if one existed – remained the problem of the client, not the law firm. As the original restraint was not in defendant's name, but its client's, *Currier* is wholly inapplicable. (Francoeur Aff. Ex. B).

Plaintiff continues this argument in attacking the decision in *Boyd v. J.E. Robert C*o., 2012 U.S. Dist. LEXIS 142688, *66-67 (E.D.N.Y. Oct. 2, 2012), noting merely that the Second Circuit recently ruled that the FDCPA does not apply to security interests on property. Pl. Opp. p. 17. This does not change or contradict the holding of the district court. Plaintiff claims that *Boyd* does not apply because the response "was part of and occurred in a legal proceeding instituted by Defendants for only one purpose – to obtain payment from Elizabeth Atwood." Pl.

8

6334798v.1

Opp. p. 18. This statement is incorrect. The underlying case was dismissed long ago, and the OSC Response responded to plaintiff's OSC. The record is clear on this point.

Plaintiff admits that "the response to the order to show cause was indeed a response to Elizabeth's allegations about restraints on her accounts and did not demand or seek payment." Pl. Opp. p. 19. This should be the end of the analysis. However, plaintiff claims that because she filed an order to show cause under the same caption as the previously dismissed action, that any response should be collection activity and a violation of the FDCPA. Plaintiff cites to a Seventh Circuit decision in *Ruth v. Triumph P'ships,* 577 F.3d 790 (7th Cir. 2009) to support the statement that "the only relationship the defendants had with the plaintiffs arose out of [the defendant's] ownership of the plaintiff's debt" and thus any communication is to collect a debt. Pl. Opp. p. 20. If this warped reasoning were true, plaintiff possessed the power to force defendants into a violation by simply filing the order to show cause. It is not correct, however, and *Ruth* is distinguishable because defendants were not the owners of the debt, just the attorneys who filed an action that was dismissed years ago. *Ruth*, 577 F. 3d at 798-99.

With regard to the "omission" claims, any failure to communicate by defendant attorneys with its client does not give rise to a claim by plaintiff, who was not in privity with defendants. Plaintiff also claims the "Defendants' signing and delivering the consent to change attorney to F&G is a false, deceptive or misleading communication…" Pl. Opp. p. 25. This claim is not supported by any authority and should be disregarded in its entirety.

Plaintiff refers to an irrelevant citation in *Magrin v. Unifund*, 2002 WL 31804268 (9th Cir. 2002) for the proposition that a claim exists where "a debt collector has made a false representation as to the legal status of a debt in connection with the sale, transfer or assignment of a debt to another debt collector with the knowledge that the purchaser, transferee or assignee

9

6334798v.1

intends to initiate or continue attempts to collect the debt." Pl. Opp. p. 26. However, the Defendants herein did not transfer a debt, they were the *lawyer* not the *owner* of the debt. There has never been a court decision in any district finding that a notice of change of attorney is a deceptive act. The suggestion should be rejected in its entirety.

Plaintiff's opposition also cites to *Coble v. Cohen & Slamowitz,* 824 F.Supp. 2d 568 (S.D.N.Y. 2011). Pl. Opp. p. 26-27. The quote offers nothing, and there is no following attempt to tie the quote to any argument, and thus it should be ignored. In *Coble,* the claim was that after it was discovered that certain process server's affidavits may have been false, that the defendant had an obligation to investigate the claim prior to taking further action to enforce the judgments entered in reliance on those affidavits, allegations that are wholly irrelevant to the case at bar.

As the order to show cause filed on February 4, 2014 ordered defendants to show cause "why an order should not be made: [to] vacate liens and restraints" the Defendants were obligated to respond. The OSC response did not contest the order to show cause, but it merely demonstrated that its client Portfolio Recovery Associates had "already released the bank accounts that were restrained by the defendants." (Francoeur Aff. Ex. B). There simply is no violation arising from this response. To accept plaintiff's argument would be to enable plaintiff to bait the Defendants into a violation, which is not what the FDCPA allows or was designed for. For all these reasons, the amended complaint should be dismissed in its entirety.

## CONCLUSION

The claims in the amended complaint are wholly time-barred, except for the response to the order to show cause. As the response was not collection activity it is not actionable under the FDCPA and must be dismissed. Finally, plaintiff's social security number was redacted in accordance with the Federal Rules, and there is no basis for any claim arising therefrom. Accordingly, the amended complaint should be dismissed in its entirety.

Dated: New York, New York
September 15, 2014

        Yours, etc.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By:    /S/
Joseph L. Francoeur
Thomas A. Leghorn
*Attorneys for Defendants,*
*COHEN & SLAMOWITZ, LLP; MITCHELL*
*SELIP, MITCHELL G. SLAMOWITZ, and*
*DAVID A. COHEN*
150 East 42nd Street
New York, New York 10017-5639
Tel.: (212) 490-3000
File No.: 11471.00007
Thomas.leghorn@wilsonelser.com
Joseph.francoeur@wilsonelser.com

TO:   Mitchell L. Pashkin, Esq.
*Attorney For Plaintiff*
775 Park Avenue, Suite 255
Huntington, NY 11743
Tel.: (631) 692-7709
mpash@verizon.net

Jesse Langel, Esq.
The Langel Firm
*Attorney For Plaintiff*
225 Broadway, Suite 700
New York, NY 10007
Tel: (646) 290-5600
jesse@langellaw.com
jesse@thelangelfirm.com

11

6334798v.1

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2014, a copy of the foregoing was filed electronically. Parties may access this filing through the Court's CM/ECF System.

Mitchell L. Pashkin, Esq.
*Attorney For Plaintiff*
775 Park Avenue, Suite 255
Huntington, NY 11743
Tel.: (631) 692-7709
mpash@verizon.net

Jesse Langel, Esq.
The Langel Firm
*Attorney For Plaintiff*
225 Broadway, Suite 700
New York, NY 10007
Tel: (646) 290-5600
jesse@langellaw.com
jesse@thelangelfirm.com

/S/
Joseph L. Francoeur