

Joseph L. Francoeur
212.915.5638 (direct)
Joseph.Francoeur@wilsonelser.com

October 17, 2014

Judge Joseph F. Bianco
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York

      Re:     Elizabeth Atwood v. Cohen & Slamowitz, et al.
              Case No.:  2:14-cv-02973-JFB-AKT
              Our File No.:  11471.00007

## Notice of Supplemental Authority

Dear Judge Bianco:

We represent defendants Cohen & Slamowitz, LLP, Mitchell Selip, Mitchell G. Slamowitz and David A. Cohen ("Defendants"), and write to provide the Court with notice of additional authority relevant to the pending motion to dismiss that will be argued before your Honor on Tuesday, October 21, 2014.

The amended complaint makes allegations that the defendants violated the FDCPA by failing to advise its client that it had no right to restrain Atwood's account that, according to Atwood, was an unwarranted restraint. (Am. Comp. par. 72-77, 79-83).   Plaintiff's opposition to the motion to dismiss cites to a 2011 decision denying a motion to dismiss in *Coble v. Cohen & Slamowitz, et. al.,* 824 F. Supp. 2d 568 (S.D.N.Y. 2011).  (Pl. Opp. P. 8).

Recently, on October 9, 2014, after the briefing of this motion, the court in *Coble*, by Judge Edgardo Ramos – approved the settlement agreement that *permits the very conduct* that is challenged here, namely by allowing existing restraints on accounts with questioned default judgment to stand.  The court in *Coble* found that there is no affirmative duty to go back and review all past filings involving Midlantic, and no affirmative duty to dismiss default judgments served by Midlantic.  Quite the contrary, all previous judgments and restraints *were expressly permitted to continue*:

     51.    Defendants represent and warrant that they are not currently and will not in the future send collection letters with regard to judgments involving Midlantic affidavits of service, and that Defendants are not currently and will not in the future

150 East 42nd Street • New York, NY 10017 • p 212.490.3000 • f 212.490.3038

Albany • Baltimore • Boston • Chicago • Connecticut • Dallas • Denver • Garden City • Houston • Las Vegas • London • Los Angeles • Louisville • McLean
Miami • Milwaukee • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Washington, DC • West Palm Beach • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris

**wilsonelser.com**

6388383v.1



commence any new post judgment collection actions (e.g., wage garnishment, bank restraint, taking of liens, issuance of post-judgment discovery devices) with regard to judgments involving Midlantic affidavits of service.   The Parties agree that this representation and warrant will not apply to post-judgment collection efforts that are already in place with regard to a particular account (e.g., already commenced wage garnishment, liens that are already in place, etc.).  Class Counsel has found this representation and warranty to be acceptable, and it is to be treated as additional consideration to the Settlement Class and Settlement Subclass in exchange for their release.

See Document 63, filed 03/21/14, 11-cv-1037-ER.

Not only did class counsel agree to this resolution, *so did the Court* in its Final Approval Order – "The motion for Final Approval of the proposed settlement is GRANTED and the Parties are hereby ordered to consummate the settlement according to the terms of the Settlement Agreement and as set forth in this Final Order." *See* Document 90, filed 10/09/14, 11-cv-1037.

As this action is premised on the very same conduct that Judge Ramos recently approved, and because Atwood herself cites to the *Coble* decision in her opposition, we thought it was important to bring to the Court's attention.

If the Court would like any additional information, please do not hesitate to ask.

Very truly yours,

Wilson Elser Moskowitz Edelman & Dicker

Joseph L. Francoeur

cc.:   VIA ECF
Mitchell L. Pashkin, Esq.
*Attorney for Plaintiff*
775 Park Avenue
New York, NY 11743
Tel:  (631) 692-7708

Jesse Langel, Esq.
The Langel Firm
*Attorney For Plaintiff*
225 Broadway, Suite 700
New York, NY 10007
Tel: (646) 290-5600